IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BENNIE BLANKENSHIP, | No. C 04-5450 CW (PR) |
| Petitioner, | ORDER DENYING RESPONDENT'S MOTION TO DISMISS |
| v. | |
| A.P. KANE, Warden; and ARNOLD SCHWARZENEGGER, Governor, | |
| Respondents. | |

In this action for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, Petitioner Bennie Blankenship, a prisoner of the State of California incarcerated at the Correctional Training Facility at Soledad, alleges that his right to due process was violated when former Governor Gray Davis reversed the finding of the Board of Prison Terms (BPT) that Petitioner was suitable for release on parole.

Respondent A.P. Kane[1] moves to dismiss this action for lack of

---

[1] Respondent requests that Warden A.P. Kane replace former Warden J. Solis as Respondent in this case. Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, the Court grants this request. Under this rule the Court also replaces former

subject matter jurisdiction. Respondent contends that Petitioner has no federally protected liberty interest in parole and thus fails to present a federal question for review. Having considered all the papers filed by the parties, the Court DENIES Respondent's motion to dismiss.

## DISCUSSION

Although a convicted person has no inherent or constitutional right to early release on parole, a State's statutory parole scheme may create "a presumption that parole release will be granted" if it uses mandatory language. Greenholtz v. Inmates of Nebraska Penal & Corr. Complex, 442 U.S. 1, 12 (1979). This presumption of parole release gives rise to a constitutionally protected liberty interest that cannot be denied without adequate due process protection. Id. at 11-16; see also Board of Pardons v. Allen, 482 U.S. 369, 376-78 (1987).

In Allen, the United States Supreme Court held that Montana's statutory parole scheme, which instructed that the parole board "shall" release a prisoner on parole absent certain conditions, used mandatory language such that it created a constitutionally protected right that parole would be granted if those conditions were not found to exist. Allen, 482 U.S. at 376-78. Also, in Greenholtz, the Supreme Court held that Nebraska's parole statute, which instructed that the parole board "shall" release the prisoner on parole absent certain conditions, created a liberty interest in

---

Governor Gray Davis with Governor Arnold Schwarzenegger as a Respondent in this case. In a July 20, 2005 order, the Court directed the Warden, not the Governor, to file a response to the petition. Therefore, only Warden Kane moves for dismissal.

2

release on parole if those conditions were found not to exist. Greenholtz, 442 U.S. at 11-12.

California's parole scheme largely parallels the Montana and Nebraska schemes. California Penal Code § 3041 instructs that the BPT "shall set a release date" unless it decides this is inadvisable based on the nature and timing of the offense and in consideration of public safety:

> [a] One year prior to the inmate's minimum eligible parole release date a panel of two or more commissioners or deputy commissioners shall . . . meet with the inmate and shall normally set a parole release date . . . The release date shall be set in a manner that will provide uniform terms for offenses of similar gravity and magnitude in respect to their threat to the public, and that will comply with the sentencing rules that the Judicial Council may issue and any sentencing information relevant to the setting of parole release dates. The board shall establish criteria for the setting of parole release dates and in doing so shall consider the number of victims of the crime for which the inmate was sentenced and other factors in mitigation or aggravation of the crime . . . [b] The panel or the board, sitting en banc, shall set a release date unless it determines that the gravity of the current convicted offense or offenses, or the timing and gravity of current or past convicted offense or offenses, is such that consideration of the public safety requires a more lengthy period of incarceration for this individual, and that a parole date, therefore, cannot be fixed at this meeting.

Cal. Penal Code § 3041(a), (b).

The Ninth Circuit has held that the California parole scheme "gives rise to a cognizable liberty interest in release on parole" under the Allen and Greenholtz standards because it "'creates a presumption that parole release will be granted' unless the statutorily defined determinations [set forth in § 3041(b)] are

3

1 made." McQuillion v. Duncan, 306 F.3d 895, 902 (9th Cir.
2 2002)(quoting Greenholtz, 442 U.S. at 12); see also Biggs v.
3 Terhune, 334 F.3d 910, 915-16 (9th Cir. 2003)(stating that § 3041
4 creates a liberty interest in parole that is protected by the due
5 process clause, but holding that parole can be denied based on the
6 gravity of the commitment offense).  Thus, under Ninth Circuit
7 authority, the mandatory language of California's parole scheme
8 creates a federally protected liberty interest such that an inmate
9 has a right to due process in parole release absent the
10 determinations set forth in § 3041(b).

11     Citing Sandin v. Connor, 515 U.S. 472 (1995), Respondent
12 contends that although "states may under certain circumstances
13 create liberty interests which are protected by the Due Process
14 Clause, . . . these interests will be generally limited to freedom
15 from restraint" which "imposes atypical and significant hardship on
16 the inmate in relation to the ordinary incidents of prison life."
17 Id. at 483-84.  Because Petitioner can expect to be imprisoned for
18 life, Respondent claims, denial of parole is not an "atypical" or
19 "significant hardship," so § 3041 does not give rise to a State-
20 created liberty interest.

21     However, Sandin did not foreclose the possibility that a State
22 parole scheme may create a protectable liberty interest; it did not
23 discuss parole at all.  The Ninth Circuit has interpreted Sandin as
24 applying "to internal disciplinary [prison] regulations" only.
25 McQuillion, 306 F.3d at 903.  Furthermore, the fact that McQuillion
26 was decided after Sandin illustrates that the Ninth Circuit
27 considered Sandin when it held that § 3041 creates a liberty
28

4

1  interest in parole, and determined that <u>Sandin</u> did not affect this
2  holding.
3      Respondent also relies on <u>In re Dannenberg</u>, 34 Cal. 4th 1061
4  (2005). <u>Dannenberg</u> determined that a prisoner's individual parole
5  suitability must be ascertained before the BPT attempts to set a
6  term that would result in uniform parole dates for similar crimes.
7  <u>Id.</u> at 1098.  In other words, the California Supreme Court
8  determined that Penal Code § 3041(a)'s term-uniformity concerns
9  only arise if the inmate is found suitable under § 3041(b).
10 However, <u>Dannenberg</u> did not address whether § 3041(b) creates a
11 federally protected liberty interest in parole.  Indeed, <u>Dannenberg</u>
12 used language that indicated it assumed such a liberty interest
13 exists: "the Board has always enjoyed broad parole discretion with
14 deferential judicial oversight.  But these well-established
15 principles do not deny due process.  On the contrary, they define
16 and limit the expectancy in parole from a life sentence to which
17 due process interests attach."  <u>Id.</u> at 1095 n.16; <u>see</u> <u>also</u> <u>id.</u> at
18 1094 ("sole reliance on the commitment offense might . . .
19 contravene the inmate's constitutionally protected expectation of
20 parole.")  Thus, <u>Dannenberg</u> did not undermine the Ninth Circuit's
21 holding in <u>McQuillion</u> that § 3041 creates a federally protected
22 liberty interest in parole release absent the finding of certain
23 conditions.
24     After <u>Dannenberg</u>, several district courts have addressed how
25 <u>Dannenberg</u> affects the Ninth Circuit's holding in <u>McQuillion</u>.  A
26 court in the Eastern District of California recently held that
27 <u>Dannenberg</u> stands for the proposition that California's parole

5

scheme is not mandatory, and thus it does not create a federally protected interest in parole release.  Sass v. California Bd. of Prison Terms, 376 F. Supp. 2d 975, 983 (2005), appeal docketed, No. 05-16455 (9th Cir. July 12, 2005).  However, the majority of district courts that have addressed this issue have determined that Dannenberg did not address the mandatory nature of the parole statute, and thus did not affect McQuillion's holding that California's statute creates a federally protected liberty interest in parole release.  See Guzman v. Kane, 2006 WL 83060 (N.D. Cal.); Chilchil v. Kane, 2006 WL 83057 (N.D. Cal.); McCauley v. Brown, 2006 WL 83050 (N.D. Cal.); Machado v. Kane, 2005 WL 3299885 (N.D. Cal.); Thompson v. Carey, 2005 WL 3287503 (E.D. Cal.).[2]

Because the Ninth Circuit specifically held in McQuillion that California's parole scheme creates a federally protected liberty interest, and because Dannenberg did not address this issue, the Court rejects Respondent's argument that there is no protected liberty interest in parole for California inmates.  Therefore, the Court has jurisdiction over this petition.  Respondent's motion is denied.

## CONCLUSION

For the foregoing reasons, the Court DENIES Respondent's motion to dismiss.  Respondent shall file an answer to the petition

---

[2] Unpublished cases in this district have reached the same conclusion.  See Lewis v. Solis, 2005 WL 3454137 (N.D. Cal.)(unpublished); Mason v. Hamlet, No. C 02-5363 JF (N.D. Cal.)(unpublished).

United States District Court
For the Northern District of California

1  within thirty days from the date of this order.  Petitioner shall
2  file a traverse within thirty days thereafter.
3       IT IS SO ORDERED.

5  Dated:  2/28/06

                                    _____
                                    CLAUDIA WILKEN
                                    United States District Judge