IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

BENNIE BLANKENSHIP,

    Petitioner,

  v.

A.P. KANE, Acting Warden and ARNOLD SCHWARZENEGGER, Governor,

    Respondents.
                                       /

No. C 04-5450 CW

ORDER GRANTING MOTION FOR RELIEF FROM JUDGMENT

    Petitioner Bennie Blankenship, pursuant to Civil Local Rule 7-9, applies for a modification of the judgment entered by the Court on April 12, 2007. The Court construes this as a motion for relief from judgment under Federal Rule of Civil Procedure 60(b). Respondent A.P. Kane opposes the request. Having considered all of the papers filed by the parties, the Court GRANTS the motion.

BACKGROUND

    The facts of this case are explicated in the April 12, 2007 Order Granting Petition for Writ of Habeas Corpus. The facts relevant to this motion are as follows. On August 10, 1983, Petitioner was convicted of second degree murder. After approximately twenty years in custody and his eleventh parole date denial by the Board of Parole Hearings (Board)[1], Petitioner filed a

---

[1] The Board of Prison Terms was abolished effective July 1, 2006, and replaced with the Board of Parole Hearings. Cal. Penal Code § 5075(a).

petition for writ of habeas corpus in state superior court.  The superior court concluded that nothing in the record supported the Board's finding that Petitioner presented an unreasonable risk of danger to the public and ordered the Board to conduct a new hearing within sixty days of receipt of its order.  On May 23, 2003, at a rehearing, the Board found Petitioner suitable for parole.  On October 20, 2003, former Governor Gray Davis reversed the Board's decision, finding that Petitioner was unsuitable for parole on the ground that he posed an unreasonable risk to public safety.  On December 24, 2003, Petitioner filed a petition for writ of habeas corpus in state superior court challenging Governor Davis' decision.  Even though the state court disagreed with many of the Governor's findings, it upheld the Governor's decision, concluding that his findings as to the nature of the commitment offense were supported by a "modicum" of evidence.  Petitioner's subsequent petitions to the California appellate court and Supreme Court were denied.  On December 27, 2004, Petitioner filed a federal petition for writ of habeas corpus in this Court.

In its April 12, 2007 Order, the Court concluded that Governor Davis' decision to reverse the Board based on Petitioner's commitment offense and past substance abuse was not supported by "some evidence" and the state court's decision affirming the Governor was an unreasonable application of federal law.  Based on In re Capistran, 107 Cal. App. 4th 1299, 1302 (2003), the Court granted the petition for writ of habeas corpus, reinstating the Board's decision granting parole, and remanded to present Governor Arnold Schwarzenegger to determine whether to issue a new decision

2

or to allow the Board's decision to stand.  On May 11, 2007, Governor Schwarzenegger issued a decision reversing the Board's decision to grant parole to Petitioner.

Petitioner now argues that the Court's judgment remanding the case back to Governor Schwarzenegger to issue a new decision or to permit the Board's decision granting release to stand is improper under the reasoning of McQuillon v. Duncan, 342 F.3d 1012 (9th Cir. 2003) (McQuillon II) and California case law.

## LEGAL STANDARD

Rule 60(b) of the Federal Rules of Civil Procedure enumerates the following six grounds upon which a motion for relief from an order or judgment may be made: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered before the court's decision; (3) fraud by the adverse party; (4) the judgment is void; (5) the judgment has been satisfied; or (6) any other reason justifying relief.

For the purposes of subparagraph (1), "mistake" includes legal error by the Court. Yniques v. Cabral, 985 F.2d 1031, 1034 (9th Cir. 1993) ("[A] district court's erroneous reading of the law is a 'mistake' sufficient to require reconsideration of an order.").

"`[T]he major grounds that justify reconsideration involve an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" Pyramid Lake Paiute Tribe of Indians v. Hodel, 882 F.2d 364, 369 n.5 (9th Cir. 1989) (quoting United States v. Desert Gold Mining Co., 433 F.2d 713, 715 (9th Cir. 1970)).

3

1  Respondent argues Petitioner's motion should be denied because
2 it is improperly brought under Civil Local Rule 7-9.  In the
3 interests of justice, the Court has construed Petitioner's brief as
4 a motion under Federal Rule of Civil Procedure 60(b).
5  Respondent argues that even if the Court considers
6 Petitioner's request to be a motion, it should be rejected because
7 it does not comply with the requirements for filing a motion under
8 Civil Local Rule 7-2 which requires a noticed hearing date and
9 time, a proposed order and affidavits or declarations.  The Court
10 will not deny Petitioner's motion based on this procedural
11 deficiency.  Respondent has had an adequate opportunity to oppose
12 it and the Court does not find a hearing is necessary.  The Court
13 now addresses the merits of Petitioner's motion.

DISCUSSION

15  Petitioner argues that this Court committed legal error by
16 following In re Capistran and remanding the case to the Governor
17 rather than following McQuillon v. Duncan and the majority of
18 California cases which have ordered the immediate release of the
19 petitioner in similar circumstances.  Respondent does not address
20 to Petitioner's specific substantive arguments.
21  In McQuillon v. Duncan, 306 F.3d 895 (9th Cir. 2002)
22 (McQuillon I), the Ninth Circuit concluded that the Board's 1994
23 rescission of its original grant of parole to the petitioner was
24 not supported by any evidence and granted the petition for habeas
25 corpus relief.  McQuillon II, 342 F.3d at 1014.  In McQuillon I,
26 the Ninth Circuit had remanded the case to the district court with
27 instructions to "grant the writ."  Id.  On remand, the district

4

1  court ordered the immediate release of the petitioner.  Id.  The
2  warden asked the district court to order, in lieu of immediate
3  release, that the Board grant the petitioner a new rescission
4  hearing.  Id.  The district court denied the motion, but stayed its
5  judgment to allow the warden time to appeal.  Id.
6        In McQuillon II, the Ninth Circuit held that the district
7  court had properly interpreted the Ninth Circuit's direction in
8  McQuillon I.  Id. at 1015.  The Ninth Circuit rejected the
9  respondent's argument that the case should be remanded to the Board
10 for a new rescission hearing because the question before the Board
11 at its last decision to rescind the grant of parole was whether in
12 1979 the Board had improvidently granted a parole date to the
13 petitioner.  Id.  The Ninth Circuit explained, "There is no reason
14 to remand to the Board to reconsider that question, given that the
15 evidence in the 1994 hearing pertained to the entirely historical
16 question of what the Board had done in 1979; given that the same
17 evidence as in 1994 would be before the Board on remand; and given
18 that we held in McQuillon I that the Board in 1994 had improperly
19 found, based on that evidence, that the parole date had been
20 improvidently granted in 1979."  Id.
21       The McQuillon II court was unpersuaded by the respondent's
22 argument that an order of immediate release would deprive the
23 Governor of his power to review any decision concerning the grant
24 or denial of parole.  The Ninth Circuit cited a California
25 appellate decision, In re Smith, 109 Cal. App. 4th 489, 507 (2003),
26 which, in an analogous situation, declined to remand to the
27 Governor after the court reversed the Governor's decision finding

5

the prisoner ineligible for parole. The Ninth Circuit approved the California appellate court's reasoning that "because of the limited nature of the Governor's power, a remand would be futile. Although the Board can give the prisoner a new hearing and consider additional evidence, the Governor's constitutional authority is limited to a review of the materials provided by the Board. Since we have reviewed the materials that were before the Board and found no evidence to support a decision other than the one reached by the Board, a remand to the Governor in this case would amount to an idle act." Id. (citing In re Smith, 109 Cal. App. 4th at 507).

This was the Smith court's explanation of why it disagreed with the Capistran court's decision to remand to the Governor after it had granted a petition for writ of habeas corpus on the ground that the Governor had improperly reversed the Board's grant of parole. Smith, 109 Cal. App. 4th at 507. The Smith court noted that the Capistran court had determined that, because the Governor and the Board possess equal discretion in reviewing parole suitability, the Governor should be allowed, in his discretion, to issue a new decision. Id.

In other cases, the California appellate courts, after overturning the Governor's reversal of the Board's grant of parole, have remanded directly to the Board to release the petitioner immediately. See e.g., In re Gray, 151 Cal. App. 4th 379, 411 (2007); In re Lawrence, 150 Cal. App. 4th 1511, 1562 (2007); In re Elkins, 144 Cal. App. 4th 475, 503 (2006); and In re Scott, 133 Cal. App. 4th 573, 604 (2005).

The Court is bound by McQuillon and persuaded by Smith that

6

the remand of this case to the Governor providing him the opportunity to re-review the Board's grant of parole to Petitioner was not warranted and constituted clear error within the meaning of Federal Rule of Procedure 60(b).

Therefore, the Court amends its April 12, 2007 Order and the Judgment issued on the same date. Section III of the April 12, 2007 Order is deleted. The Conclusion of the April 12, 2007 Order shall now read:

> The petition for writ of habeas corpus is granted. The Board's decision granting parole is reinstated as of the date of this order. The case is remanded to the Board which is ordered to release Petitioner pursuant to the conditions, if any, set forth at its May 23, 2003 hearing.

The amended judgment shall now read:

> For the reasons set forth in this Court's Order Granting Petition for Writ of Habeas Corpus,
>
> IT IS ORDERED AND ADJUDGED
>
> That Petitioner Bennie Blankenship's Petition for Writ of Habeas Corpus is granted. The Board's decision granting parole is reinstated as of the date of this order. The Board is ordered to release Petitioner pursuant to the conditions, if any, set forth at its May 23, 2003 hearing.

IT IS SO ORDERED.

7/30/07

Dated _____

_____
CLAUDIA WILKEN
United States District Judge

7

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

BLANKENSHIP,

        Plaintiff,

v.

DAVIS et al,

        Defendant.

Case Number: CV04-05450 CW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on July 30, 2007, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Denise Alayne Yates
Office of the Attorney General
455 Golden Gate Avenue, Suite 11000
San Francisco, CA 94102-7004

Jennifer Lynne Peabody
Marilee Marshall
Marilee Marshall & Associates
523 West Sixth Street
Suite 1109
Los Angeles, CA 90014

Dated: July 30, 2007

        Richard W. Wieking, Clerk
        By: Sheilah Cahill, Deputy Clerk